IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SYMANTEC CORPORATION, a Delaware Delaware corporation; and QUARTERDECK CORPORATION, a Delaware corporation, | |
| Plaintiffs, | Case No. 02-406-KI (Lead Case) |
| | Case No. 04-227-KI |
| vs. | CONSOLIDATED CASES |
| CD MICRO, INC., an Oregon corporation, and VINCENT L. WEBB, an individual, | OPINION AND ORDER |
| Defendants. | |
| Ronald Sticka, U.S. Trustee in bankruptcy for the Estate of CD MICRO, INC., | |
| Third Party Plaintiff, | |
| vs. | |
| UNIK ASSOCIATES, LLC. | |
| Third Party Defendant. | |

Page 1 - OPINION AND ORDER

Stephen S. Ford
Marger Johnson & McCollom, P.C.
1030 S. W. Morrison Street
Portland, Oregon 97205-2626

Lawrence K. Rockwell
Eric Doney
Julie E. Hofer
Ariana Seldman Hawbecker
Donahue Gallagher Woods
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570

    Attorney for Plaintiff

Steven M. Wilker
David Aman
Tonkon Torp LLP
1600 Pioneer Tower
888 S. W. Fifth Avenue
Portland, Oregon 97204-2099

    Attorney for Defendant UNIK Associates, LLC.

Joseph A. Yazbeck
Robert K. Lau
Yasbeck, Cloran & Hanson, LLC.
1300 S. W. Fifth Avenue, Suite 2750
Portland, Oregon 97223

    Attorney for Third Party Plaintiff

KING, Judge:

After I found Unik Associates LLC ("Unik") liable for copyright infringement, false designation of origin, trademark infringement, and trademark counterfeiting, the parties stipulated to actual damages of $272,226. Subsequent to a court trial, I awarded statutory damages of $60,000 for each of the six infringed trademarks and $15,000 for each of the four

infringed copyrights. This opinion considers the remaining issues between Unik and plaintiffs Symantec Corporation and Quarterdeck Corporation (collectively, "Symantec").

**DISCUSSION**

I.  Election of Damages

As allowed under the statutes, Symantec has elected to recover actual damages for copyright infringement in the amount of $272,226, and statutory damages for trademark counterfeiting in the amount of $360,000, for a total of $632,226 in damages against Unik.

II. Entitlement to Attorney Fees

Symantec seeks attorney fees under the Lanham Act for trademark infringement and trademark counterfeiting and under the Copyright Act for copyright infringement.

For trademark infringement, the court, "in exceptional cases," may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). Trademark infringement is exceptional if the defendant acted maliciously, fraudulently, deliberately, or willfully. Earthquake Sound Corp. v. Bumper Industries, 352 F.3d 1210, 1216 (9th Cir. 2003).

There is no evidence that Unik's conduct reached this level of culpability. I do not award attorney fees for trademark infringement.

For trademark counterfeiting, the court shall, unless it finds "extenuating circumstances," award reasonable attorney fees for a violation that is the intentional use of a mark, knowing the mark is a counterfeit mark. 15 U.S.C. § 1117(b). Although the Lanham Act does not define "extenuating circumstances," the exception is extremely narrow, with the Seventh Circuit suggesting that it is intended for cases in which defendant would be unable to support his or her family. Awards may be limited by equitable considerations. Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997); Louis Vuitton S.A. v. Lee, 875 F.2d 584, 590 (7th Cir. 1989).

PAGE 3 - OPINION AND ORDER

There is also no evidence that Unik sold disks containing Symantec's trademarks, knowing that the marks were counterfeit. Unik realizes in hindsight that its belief that the software was authentic was mistaken or negligent, and that it should have done more to verify the nature of the product it was selling. I agree with this, but do not believe the evidence supports an attorney fee award for trademark counterfeiting.

Under the Copyright Act, the court, in its discretion, may award reasonable attorney fees to the prevailing party. 17 U.S.C. § 505. An award that furthers the underlying purposes of the Copyright Act is in the sound discretion of district courts. Entertainment Research v. Genesis Creative Group, 122 F.3d 1211, 1229 (9th Cir. 1997), cert. denied, 523 U.S. 1021 (1998). "[S]uch discretion is not cabined by a requirement of culpability on the part of the losing party." Id. (internal quotation omitted). Factors to be considered are:

> (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence.

Id. (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19, 114 S. Ct. 1023 (1994)).

Symantec argues that it prevailed on all of its claims. It did not file the action until Unik ignored Symantec's demands to halt distribution of the infringing software. Symantec made the demand after this court confirmed that Unik distributed unlawful copies of Symantec's software to CD Micro. Symantec notes that Unik's litigation position required Symantec to conduct months of additional discovery, separate from and subsequent to the discovery to support Symantec's claims against CD Micro, to gather evidence of Unik's infringement from numerous sources. Unik also did not concede Symantec's motion for summary judgment. Although Unik

is entitled to vigorously defend itself, Symantec contends that Unik, and not Symantec, should be required to pay Symantec's costs to prosecute the infringement.

Unik contends that I should deny Symantec's request for attorney fees. Unik argues that Symantec is adequately compensated without an award of attorney fees. It also notes that Unik is now out of the wholesale software distribution business and CD Micro and Vince Webb both filed petitions for bankruptcy. Thus, Unik claims that an award of attorney fees is not necessary to deter future infringement by others since it is clear to the industry that Symantec will aggressively pursue infringers. Unik argues that it conducted the litigation in good faith and complied with all discovery requests without the necessity of my intervention. Finally, Unik notes that it believed at all times, albeit mistakenly, that it was selling authorized copies of the software.

Several of the factors favor an award of attorney fees under the Copyright Act. Symantec achieved complete success and was able to win a finding of liability for all Symantec software disks sold by Unik through a motion for summary judgment. I also note that Unik continued to sell the software after this court found that disks it had sold to CD Micro were unauthorized. For Unik to continue the sales, without confirming the software's status with Symantec, is objectively unreasonable. Finally, merely disgorging the illegal profits from the sales, without an award of attorney fees, does not provide sufficient deterrence. Consequently, I conclude that Symantec is entitled to attorney fees under the Copyright Act.

Symantec further contends that its claims in this action are so closely related that it would be impossible to differentiate the fees attributable to the different claims. Unik contends that it is premature to make a decision on whether fees can be allocated between claims until Symantec submits a detailed statement of the fees incurred.

PAGE 5 - OPINION AND ORDER

If a case involves Lanham Act and non-Lanham Act claims, a prevailing party can only recover attorney fees for work related to the Lanham Act claims. Apportionment is not required "if it is impossible to differentiate between work done on claims." Gracie v. Gracie, 217 F.3d 1060, 1069-70 (9th Cir. 2000) (internal quotation omitted). If an exact apportionment is impossible, the court should make some attempt to adjust the fee award to reflect an apportionment unless the court finds that the "claims are so inextricably intertwined that even an estimated adjustment would be meaningless." Id. at 1070. The same approach applies to copyright and non-copyright claims. See The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003).

I intend to enter judgment now. Symantec may then file a motion for attorney fees as provided by the local rules. I agree that it is premature for me to decide whether Symantec can apportion its fees between the copyright and trademark claims. Although I would guess that discovery for the two claims is identical, since the same disks violated both rights, I ask Symantec to attempt to apportion its fees or to have one of its attorneys explain in a declaration why that is not possible.

## CONCLUSION

Symantec is entitled to attorney fees under the Copyright Act.

IT IS SO ORDERED.

Dated this \_\_\_\_2nd_____ day of June, 2005.

        /s/ Garr M. King
       Garr M. King
       United States District Judge